IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEROME MOYA,

        Plaintiff,

vs.                                                  NO.  10-CV-691 JEC/RHS

CITY OF ALBUQUERQUE,

        Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on *Defendant's Motion for Summary Judgment, and Memorandum in Support, Requesting Dismissal of Plaintiff's Complaint with Prejudice*, filed March 14, 2011 (Doc. 17)("Motion").  The Court, having considered the Motion, the Defendant's failure to respond thereto, and the governing authority, finds the Motion well-taken and it will be granted.

**I.**      **Background**

This case arises from the City of Albuquerque terminating Plaintiff's employment as an Animal Control Officer after he failed to return to work once medically cleared to do so.  On April 25, 2007 Plaintiff sustained an on-the-job injury to his knee and was referred to the City of Albuquerque Employee Health unit.  *See* Def's Exs. A at 50:23-25, 51:1, 54:21-23; B.  On May 4, 2007, Plaintiff was seen at the University of New Mexico Hospital's Department of Orthopedics, where Dr. Robert Schenk diagnosed a right knee ACL tear and a possible lateral meniscal tear.  *See* Def's Ex. C.  On May 9, 2007, Rebecca Duchon, PA, with the City of Albuquerque Employee Health unit, set forth in writing that Plaintiff was unable to work for a

period of time "to be determined." Def's Ex. D. On June 21, 2007, Plaintiff underwent knee surgery followed by physical therapy. *See* Def's Ex. E. On September 10, 2007, Plaintiff underwent follow-up, outpatient surgery consisting of closed manipulation of the knee. *See* Def's Ex. F. Following the surgical manipulation, Dr. Schenk discovered arthrofibrosis of the knee and performed an arthroscopic manipulation on October 15, 2007. *See* Def's Exs. F, G. On November 6, 2007, Plaintiff had a follow-up visit and continued physical therapy was recommended. Plaintiff underwent physical therapy and follow-up visits for the next year.

On November 25, 2008, Dr. Schenk examined Plaintiff, finding that "[h]is incisions are healed. His range of motion is now full. He had a flexion contracture that is now completely resolved." Def's Ex. I. At that time, Dr. Schenk opined that Plaintiff was able to return to work with no restrictions as of November 26, 2008. *See* Def's Exs. I, J. Given Dr. Schenk's evaluation, Rebecca Buchon, PA, concluded that Plaintiff could return to work as of November 26, 2008. *See* Def's Exs. K, L.

While Plaintiff was out of work due to the injury and treatment, he was allowed to use his accrued sick leave, accrued vacation leave, FMLA leave, and 960 hours of unpaid disability or injury leave. During the absence, he was placed on "physical layoff" status. *See* Def's Exs. M, N, O. Once Plaintiff was cleared to return to work, Defendant exercised its authority pursuant to Section 3-1-2 of the City's Merit System Ordinance and approved Plaintiff for placement back into his previous position as an Animal Services Officer. Plaintiff received an inter-office memorandum in December, 2008, offering him the placement and instructing him that (1) he had five days from receipt to accept or reject the offer and (2) that failure to timely respond would be construed as a rejection, terminating his employment. *See* Def's Exs. A at 103:4-25,104:1-9, P, Q, R. Defendant never signed the letter to indicate whether he accepted or rejected the

placement offer and his employment was terminated effective January 2, 2009 in accordance with Section 307.7 (Physical Layoff) of the City's Personnel Rules and Regulations. *See* Def's Exs. S, T.

Plaintiff subsequently filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), claiming discrimination due to disability in violation of the Americans with Disability Act of 1990 ("ADA" or "Act"). *See* Def's Ex. U. On March 10, 2010, the EEOC determined that no violation had occurred and issued Plaintiff a Right to Sue Letter, which Plaintiff received on March 12, 2010. *See* Def's Exs. V, W. On June 22, 2010, Plaintiff filed this action. On March 14, 2011, Defendant filed the present Motion to dismiss and Plaintiff did not respond.

## II.     Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In responding to a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2).

Local Rule 7.1(b) states, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D. N.M. LR-Civ. 7.1(b). Where, as here, the nonmoving party fails to respond, a district court may grant summary judgment, but not without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of

fact remain for trial. *Murray v. City of Tahlequah*, 312 F.3d 1196 (10th Cir. 2002) ("[T]he determinative issue on appeal is whether a district court can grant summary judgment pursuant to a local rule without making the determinations required by Fed. R. Civ. P. 56(c). We hold that it cannot.").

**III.   Discussion**

    **A.   Defendant's ADA Claim is Time-Barred and Also Fails on the Merits**

        **i.   Defendant filed his ADA claim outside the time permitted by 42 U.S.C. § 2000e(5)(f)(1)**

The statute of limitations on Defendant's claim for violation of the ADA ran ninety (90) days after the EEOC issued the Right to Sue Letter. *See* 42 U.S.C. § 2000e(5)(f)(1). The EEOC issued its determination and Right to Sue letter on March 10, 2010 and Defendant received it on March 12, 2010. Yet Defendant did not file his Complaint until June 22, 2010. Accordingly, Defendant's ADA claim is time-barred.

        **ii.   Plaintiff's ADA claim also fails because the undisputed evidence establishes that Defendant is not disabled within the meaning of the Act**

Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities" provided by public entities. 42 U.S.C. § 12132. To establish that a public entity has violated Title II of the ADA, Plaintiff must show that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial, or discrimination was by reason of Plaintiff's disability. *See Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999)(citing *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.), *cert. denied*, 118 S. Ct. 423

(1997)).

In this case, Plaintiff fails on the first prong, as he makes no prima facie showing that he was a qualified individual with a disability as required. *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1188 (10th Cir. 2003) (to establish a prima facie ADA claim, a plaintiff must show he is "disabled within the meaning of the ADA"). A disability within the meaning of the ADA is "'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual." *Robertson v. Las Animas County Sheriff's Dep't.*, 500 F.3d 1185, 1193-94 (10th Cir.2007) (quoting 42 U.S.C. 12102(2)(A)). Indeed, "[m]erely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Ky., Inc v. Williams*, 534 U.S. 184 (2002).

Here, there is no evidence that Plaintiff had an impairment that substantially limited one or more of his life activities after he was medically cleared to return to work on November 25, 2008. In fact, the Court cannot even meaningfully analyze whether Plaintiff actually faced limitations on any major life activities, because all of the evidence indicates that he had no limiting injury at all at the relevant time. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482, 488 (1999) (the determination "depends on whether the limitations an individual with an impairment actually faces are in fact substantially limiting"). Accordingly, no genuine issue of material fact in need of resolution exists as to whether Plaintiff was a qualified individual with a disability.

### iii. Plaintiff's ADA and NMHRA claims fail because the undisputed evidence establishes that he was terminated for legitimate, nondiscriminatory reasons and there is no evidence to support a finding of pretext

Even if Plaintiff had offered evidence from which a reasonable trier of fact could find he was a disabled person within the meaning of the ADA, he fails to establish that he was qualified,

with or without reasonable accommodation, to perform the essential functions of the job held or desired, *and* that Defendant discriminated against him because of a disability. There is no evidence before the Court, either direct or indirect, showing that Defendant was discriminated against. Instead, the evidence shows but one thing – Defendant opted not to return to work when he declined to accept or reject the placement offer Defendant extended to him when he was cleared to return to work without limitation. This constitutes a legitimate, nondiscriminatory reason for Plaintiff's employment termination under *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), and Plaintiff has offered nothing in support of a finding that this proffered justification is mere pretext for unlawful discrimination.

      **B.**     **Plaintiff's FMLA Claim Fails as a Matter of Law**

Section 2615(a)(1) of the Family and Medical Leave Act ("FMLA") prohibits employers from interfering with, restraining, or denying the exercise of or attempt to exercise FMLA rights. The elements of an FMLA interference claim are : (1) entitlement to FMLA leave; (2) an adverse action by plaintiff's employer, which interfered with plaintiff's right to take FMLA leave; and (3) a showing that the employer's adverse action was related to plaintiff's exercise of, or attempt to exercise, his FMLA rights. Family and Medical Leave Act of 1993, § 105(a)(1), 29 U.S.C.A. § 2615(a)(1). Plaintiff has shown none of these necessary elements and cannot resist summary judgment disposition in favor of Defendant on this awkwardly pled and wholly unsupported claim.

      **C.**     **Plaintiff's Claim Under the NMHRA Fails as a Matter of Law**

For the same reasons Plaintiff's ADA claim fails as a matter of law, so, too, does his claim under the New Mexico Human Rights Act ("NMHRA"). Absent direct evidence of discrimination, the NMHRA claim is analyzed under the familiar *McDonnel Douglas* framework

and fails for lack of prima facie showing and no triable issue as to the legitimacy of Defendant's reason for terminating Plaintiff's employment.  Accordingly, this claim cannot survive.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that, in opposing a motion for summary judgment, a nonmoving party cannot rely solely on the allegations or denials in pleadings).

### D. Plaintiff's Breach of Contract Claim Fails as a Matter of Law Because the Court Determines on the Unrefuted Facts Before it that No Contract Existed

As Defendant points out, it is unclear whether Plaintiff intends to assert that an express or implied contract existed and what actions by Defendant constitute an alleged breach.  Motion at 12.  On the limited record before it, the Court can find only that there was no contract in force, as Defendant declined to accept the written offer of placement extended by Defendant in December 2008.

### IV. Conclusion

For the forgoing reasons, all of Plaintiff's claims are due to be dismissed pursuant to Local Rule 7.1(b) and Fed.R.Civ.P. 56.

WHEREFORE,

**IT IS ORDERED** that *Defendant's Motion for Summary Judgment, and Memorandum in Support, Requesting Dismissal of Plaintiff's Complaint with Prejudice*, filed March 14, 2011 (Doc. 17) is **GRANTED**.

Dated June 10, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff;

    Robert J. Aragon, Esq.
    2201 Menaul Blvd. NE
    Albuquerque, New Mexico

Attorney for Defendant:

    Stephanie M. Griffin, Esq.
    Assistant City Attorney
    Albuquerque, New Mexico